UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA        JS-6

CIVIL MINUTES – GENERAL

Case No.  **CV 15-7417  PSG (AFMx)**                                Date: 9/29/15

Title  **BSLC, LLC v. Juanita Miller**

Present: The Honorable  Philip S. Gutierrez, U.S District Judge

| Wendy Hernandez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)**       ORDER REMANDING MATTER TO STATE COURT

On August 21, 2015, BSLC, LLC ("Plaintiff") instituted unlawful detainer proceedings against Juanita Miller and Does 1-10 ("Defendants") in state court.  (Notice of Removal at ¶ 1.)  Defendants have allegedly continued in unlawful possession of property located at 1418 W. 38th Street, Los Angeles, CA (the "Property") that is owned by Plaintiff.  (Compl. ¶¶ 2, 3.)  Defendants are alleged to have a written tenancy agreement, at a rate of $1,200 per month, with rent due on the 1st of the month.  (Compl. ¶ 6.)  Plaintiff seeks past damages of $6,075.72.  (Compl. ¶¶ 10, 17.)  The reasonable value of the property is alleged to be $40.00 per day, and damages have accrued at this rate since July 28, 2015.  (Compl. ¶¶ 11, 17.)  Plaintiff served Defendants with a three-day written notice to quit, but Defendants have continued in possession of the Property without Plaintiff's permission or consent.  (Compl. ¶¶ 10, 17.)  An answer by Defendant Miller was filed in state court on August 28, 2015.

Defendant Miller removed the action to this Court on September 22, 2015.  Defendant Miller asserts that jurisdiction exists in this Court because supposedly, "[t]he complaint presents federal questions," and "Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law."  (Notice of Removal at ¶¶ 6, 10.)  The defenses in the Answer filed by Defendant Miller in state court did not include reference to federal law.  (Answer at ¶ 3.)  Defendant Miller asserts only federal question jurisdiction in this Court, and does not assert diversity jurisdiction.  (Civil Cover Sheet at 1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **CV 15-7417 PSG (AFMx)**  Date: 9/29/15

Title  **BSLC, LLC v. Juanita Miller**

982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint here contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there were an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint. Accordingly, Defendants have failed to meet their burden of showing federal question jurisdiction exists.

Moreover, the Notice of Removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint and the Notice of Removal that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount in controversy is alleged to be below $10,000 − well below the statutory threshold of $75,000.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc: **Pro Se Defendant**

**Initials of Preparer**   wh